## HAMMETT v. SMITH.

1. An averment in a declaration in an action by an assignee against an assignor, that *execution* issued on the judgment from the proper office, and was returned by the sheriff to the *proper office*, endorsed " there is no goods, &c., of the defendant to be found in my county," is sufficient.

2. The assignor of a note is liable to the assignee for the costs of the suit prosecuted against the maker of the note.

Error to the County Court of Talladega.

This was an action by the defendant in error, against the plaintiff in error, as assignor of a note made by one Vardeman.

The declaration, after stating the making and endorsement of the note, proceeds to aver the institution of a suit against Vardeman, in Talladega County Court, the recovery of a judgment against him, for the amount of the debt, and nine dollars fifty-one cents costs. It then avers that an " execution" issued upon said judgment " from the proper office," against Vardeman, for " the damage and costs above stated," and that the sheriff of Talladega county returned the same to the " proper office," he having endorsed thereon " there is no goods or chattels, lands or tenements, of the defendant, to be found in my county," by means whereof the said defendant became liable to pay the said sums of money, &c.

To this declaration there was a demurrer, which was overruled and judgment for plaintiff.

The assignments of error are,

1. The court erred in overruling the demurrer to the declaration.

2. The judgment is for the amount of the note and interest, and the *costs* of the suit against Vardeman.

Moody, for plaintiff in error.

ORMOND, J.—The first objection taken to the declaration is, that in describing the writ of *fieri facias* which issued on the judgment, it is called an " execution." We think this averment

sufficient, as the declaration states that it was directed to the sheriff, to be levied on the goods and chattels, lands, &c., of the defendant; it is evident that it was a writ of *fieri facias*.

Neither is the objection to the return of the sheriff well taken. It is true that the statute makes the return of "no property found" conclusive evidence of the insolvency of the maker of the note ; but we think the averment in this case, that the sheriff returned that " there was no goods or chattels, lands or tenements of the defendant, to be found in his county," is precisely equivalent, and is that statement of facts, out of which, the language employed by the statute is concluded.

It is also objected that the declaration states, that the execution was issued from the " proper office" and returned to the "proper office," without stating what office. We think these words surplussage, and that the declaration would have been sufficient if it had stated merely that an execution had issued on this judgment directed, &c., and was returned by the sheriff, endorsed, &c., and the insertion of these words, certainly cannot prejudice.

The remaining question, whether the assignor is liable in an action against him by the assignee, for the costs of the action against the maker, has not been before raised in this court. The statute makes it the duty of the assignee to prosecute a suit against the maker of the assigned instrument, and this he must do, although the maker is notoriously insolvent, or he cannot recover of the assignor; it appears, therefore, proper, that he should reimburse the assignee, the costs which he must pay in the prosecution of an ineffectual suit, which is really for his benefit. This disposes of the objection that the judgment is for too large a sum, and it must therefore be affirmed.